*108 OPINION.
TRUSsell:
We are of the opinion that it is not proper for this Board to go into the question of the motive of petitioner’s officers in making the $20,000 loan to Pooley nor into the question of whether or not such loan was an ultra vires act, as the respondent would have us do. The record establishes the fact that petitioner, on June 30, 1920, made a loan of $20,000 to Pooley, payable prior to the end of that year with interest; that prior to the end of that year petitioner’s debtor lost everything he had and was destitute; that the debt was ascertained to be worthless during 1920, and that it was charged off by petitioner during 1920. Petitioner should be allowed a deduction in the amount of $20,000 from its gross income for the year 1920 under section 234(a) (5) of the Revenue Act of 1918.
The amount of $2,121.27 which respondent added to gross income for 1920 for the reason that it represented an accumulation of income for prior years, but not reported in such prior years, is certainly not income for the year 1920 when it was income for prior years and *109 therefore should be eliminated from petitioner’s gross income for the year 1920.
Due to the hard usage to which petitioner’s trucks were subjected in hauling crude turpentine through the woods, the useful life of its trucks did not exceed 18 months and petitioner is entitled to a deduction for 1920 for depreciation at a rate of 66% per cent per annum on its trucks. On January 1, 1920, petitioner owned one Reo truck which on that date had an undepreciated cost of $1,241.67. The said truck was traded in at a value of $800 on a new International truck purchased on March 8, 1920. The said transaction left petitioner' with an item of $941.67, representing the undepreciated cost of a capital item which had vanished, but no deduction for such loss has been allowed. Petitioner should be allowed a deduction of $941.67 for the year 1920 under section 234(a) (4) of the Revenue Act of 1918. The International truck purchased on March 8, 1920, at a cost of $1,825 had an approximate useful life of 18 months, at the end of which period it would have an approximate salvage or trade-in value of one-eighth of its cost of $228.12, and we are of the opinion that the difference or $1,596.88 is a fair basis on which to compute the depreciation sustained on that truck for the year 1920. On that basis depreciation on the International truck for 9% months during 1920 at a rate of 66% per cent per annum would amount to $842.79, which amount should bo allowed petitioner as a deduction for 1920 under section 234(a) (7) of the Revenue Act of 1918. The respondent proposes to increase petitioner’s income for 1920 by $1,450 on the ground that that amount represents the cost of the Reo truck charged off in 1920 without an adjustment in the depreciation reserve. The evidence ?hows that the said amount was not charged off during 1920 and there being no basis for including said $1,450 in income, it should be eliminated.
The net income as asserted by respondent for 1920 should be reduced by:
Worthless debt-$20,000.00
Suspense account item_ 2,121.27
Loss on truck_ 941. 67
Depreciation on truck for 1920_ 842. 79
So-called adjustment on motor truck transaction in 1920- 1,450.00
Total- 25,355. 73
Petitioner’s taw liability should he recomputed in accordance with the above fundings of fact and opinion. Order of redetermination will he entered upon 15 days’ notice, pursuant to Pule 50.
Considered by Smith, Littleton, and Love.